# EXHIBIT A

id in Providence/Bristol County Superior Court
mitted: 5/19/2016 1:16:35 PM
velope: 616260
viewer: Alexa Goneconte

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |
| BACON CONSTRUCTION CO., INC. : | |
| VS. : | C.A. NO. PC2016-2284 |
| NORTHERN INSURANCE COMPANY OF :<br>NEW YORK and MARYLAND :<br>CASUALTY COMPANY : | |

## COMPLAINT IN THE NATURE OF
## A DECLARATORY JUDGMENT

### I. PREAMBLE

1. Plaintiff, Bacon Construction Co., Inc. (hereinafter "Bacon") is a Rhode Island corporation authorized to do business in the State of Rhode Island.

2. Defendant Northern Insurance Company of New York (hereinafter "Northern") is an insurance carrier qualified to do business in Rhode Island with a principal place of business at 1400 American Lane, Schaumberg, IL 60196.

3. Defendant Maryland Casualty Company (hereinafter "Maryland") is an insurance carrier qualified to do business in Rhode Island with a principal place of business at 1400 American Lane, Schaumberg, IL 60196.

4. Plaintiff Bacon brings this action for declaratory relief pursuant to Rule 57 of the Rhode Island Superior Court Rules of Civil Procedure and the Declaratory Judgment Act pursuant to R.I.G.L. §9-30-1 et. seq., and especially R.I.G.L. §9-30-2 as to contract interpretation.

### II. FACTS AND TRAVEL

5. During 1990, the State of Connecticut pursued a construction project in relation to its "correctional facility" which included approximately twenty-two buildings and five phases. The State of Connecticut retained its own design team and other contractors to pursue the construction.

6. Bacon entered into a contract with the State of Connecticut in relation to masonry and related services at the project.

7. Construction work on Phase Three by Bacon commenced in 1992, and upon information and belief, a Certificate of Substantial Completion for the Certificate of Occupancy was issued in January 1995.

d in Providence/Bristol County Superior Court
mitted: 5/19/2016 1:16:35 PM
elope: 616260
iewer: Alexa Goneconte

8. The State of Connecticut brought a civil action in the Superior Court at Waterbury, Connecticut, C.A. No. X10-UWY-CV-08-5017709-S against Bacon and other entities who performed work simultaneously with Bacon at the project.

9. In that civil action, the State of Connecticut has alleged that the State "began to experience problems with water intrusion, cracks in the masonry façade and efflorescence and organic growth on the masonry façade, whereby the State of Connecticut alleged that certain defects caused by Bacon and various parties "have caused tangible and physical harm to the correctional facility and the State.

10. That the State has alleged that various defects had to be corrected, which the State has pursued.

11. In its complaint, the State of Connecticut has alleged that Bacon has "failed to perform its work in conformance with the plans and specifications, failed to construct masonry cavity walls and in conformance with the plans and specifications, failed to install control joints in conformance with the plans and specifications, etc.

12. That the State of Connecticut has alleged that because of the various failures in relation to Bacon, "the buildings have experienced numerous and significant problems related to, among other things, water infiltration through the buildings' walls and windows, cracking and staining of the exterior block and accelerated building deterioration.

13. That the State of Connecticut in the aforesaid complaint, has alleged breach of contract and negligence against Bacon, as well intentional misrepresentation and negligent misrepresentation.

### III. COUNT I – Northern Insurance Company of New York

14. That Northern Insurance Company of New York did issue a policy to Bacon as to liability coverage insurance policy No.EPA16546435 (Policy Period of 1-1-92 to 1-1-93) (Policy Re-write No. EPA16097157).

15. That the policy consisted of property coverage, general liability coverage, etc.

16. The aforesaid complaint against Bacon by the State of Connecticut was tendered to the Defendant who on July 19, 2008, in correspondence from "Zurich" "on behalf of Northern Insurance Company of New York" denied coverage and agreed that the policy period coverage was January 1, 1992 to January 1, 1993, and further stated that "our position is based on the facts, as we know them as of this time. If you are aware of any information that could possibly alter our coverage position, we request you provide this information to us immediately." NICNY reserves its right to amend its coverage position in this matter at a later time should it be determined that these issues require such an action."

17. That the aforesaid coverages issued by the Defendants included "property damage" defined as "physical injury to tangible property, including all resulting loss of use of that property."

2

I in Providence/Bristol County Superior Court
nitted: 5/19/2016 1:16:35 PM
lope: 616260
ewer: Alexa Goneconte

18. By letter of September 15, 2015, counsel for Bacon informed Defendant of substantial evidence noting that the work in question performed by Bacon occurred during the policy period and specifically in November and December of 1992, i.e. that "cracking" and resulting property damage and loss alleged by the owner did in fact occur during the policy period.

19. That Defendant, through its agent Zurich, assured Bacon that it would investigate the matter and provide a response to Bacon.

20. That Defendant has not responded to Bacon, nor given Bacon any proof or evidence of investigation or further reasons as to any denial of coverages.

WHEREFORE, Bacon seeks compensatory damages against Defendant Northern Insurance Company of New York, including compensatory, punitive damages, attorneys' fees and costs pursuant to R.I.G.L. §9-1-45.

### IV. COUNT II – Maryland Casualty Company

21. That Maryland Casualty Company did issue a policy to Bacon, a liability coverage insurance policy No.EC-65016942 (Policy Period of 5/13/92 to 5/13/93).

22. That the policy consisted of property coverage, general liability coverage, etc.

23. The aforesaid complaint against Bacon by the State of Connecticut was tendered to the Defendant who on July 19, 2008, in correspondence from "Zurich" "on behalf of Maryland Casualty Company" denied coverage and agreed that the policy period coverage was May 13, 1992 to May 13, 1993. Said letter further stated "if there is additional information or documentation that NICNY/MCC should consider, or if you have additional information suggesting that NICNY/MCC's position might be erroneous, please provide it to us as soon as possible . . . If you are in disagreement to any of these issues that NICNY/MCC has advised its rights on and are in possession of additional facts or other information, which may cause us to reconsider our position, please advise us as soon as possible."

24. That the aforesaid coverages issued by the Defendants included "property damage" defined as "physical injury to tangible property, including all resulting loss of use of that property."

25. By letter of September 15, 2015, counsel for Bacon informed Defendants of substantial evidence noting that the work in question performed by Bacon occurred during the policy period and specifically in November and December of 1992, i.e. that "cracking" and resulting property damage and loss alleged by the owner did in fact occur during the policy period.

:d in Providence/Bristol County Superior Court
)mitted: 5/19/2016 1:16:35 PM
/elope: 616260
/iewer: Alexa Goneconte

26. That Defendant, through its agent Zurich, assured Bacon that it would investigate the matter and provide a response to Bacon.

27. That Defendant has not responded to Bacon, nor given Bacon any proof or evidence of investigation or further reasons as to any denial of coverages.

WHEREFORE, Bacon seeks compensatory damages against Defendant Maryland Casualty Company, including compensatory, punitive damages, attorneys' fees and costs pursuant to R.I.G.L. §9-1-45.

## V. COUNT III – Relief Sought

28. Pursuant to Rhode Island General Laws of Civil Procedure, Rule 57 and R.I.G.L. §9-30-1 et. seq., and especially R.I.G.L. §9-30-2, as to contract interpretation, the Plaintiff Bacon hereby requests from this Honorable Court the following relief:

    (1) That the damages sustained by Plaintiff Bacon as noted in the within Complaint are compensable pursuant to the insurance policy issued by Defendant Northern and Defendant Maryland.

    (2) A declaration that the Defendants have a duty to defend under the policy issued to Bacon the aforesaid noted lawsuit initiated by the State of Connecticut.

    (3) A declaration that the Defendants shall indemnify and pay to the Plaintiff Bacon the full amount of its damages that are attributable to Bacon in relation to the aforesaid lawsuit.

    (4) That the interpretation of the aforesaid policies are a question of law for this Court to determine.

WHEREFORE, Plaintiff requests that this Honorable Court award the Plaintiff the relief sought as noted above, plus interest, costs and attorneys' fees.

Plaintiff,
***BACON CONSTRUCTION CO., INC.***
By their Attorneys,

/s/ Girard R. Visconti
Girard R. Visconti (#0566)
***Shechtman Halperin Savage LLP***
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 - Telephone
(401) 272-1403 – Facsimile
E-mail: gvisconti@shslawfirm.com

Dated: May 19, 2016

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

|  | **Civil Action File Number** <br> PC-2016-2284 |
|---|---|
| **Plaintiff** <br> Bacon Construction Co., Inc. <br> v. <br> **Defendant** <br> Northern Insurance Company Of New York | **Attorney for the Plaintiff or the Plaintiff** <br> Girard R. Visconti <br> **Address of the Plaintiff's Attorney or the Plaintiff** <br> 1080 MAIN STREET <br> PAWTUCKET RI 02860 |
| Licht Judicial Complex <br> Providence/Bristol County <br> 250 Benefit Street <br> Providence RI 02903 <br> (401) 222-3250 | **Address of the Defendant** <br> 1400 American Lane <br> Schaumberg IL 60196 |

TO THE DEFENDANT, Maryland Casualty Company:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 5/19/2016. | /s/ Henry Kinch <br> Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff** Bacon Construction Co., Inc.  v.  **Defendant** Northern Insurance Company Of New York | **Civil Action File Number** PC-2016-2284 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Maryland Casualty Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person of suitable age and discretion _____
  Address of dwelling house or usual place of abode _____
  Age _____
  Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ With a guardian or conservator of the Defendant.
  Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
  Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: ___/___/___   SERVICE FEE $ _____
  Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____
County of _____

  On this _____ day of _____ 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

  Notary Public: _____
  My commission expires: _____
  Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

|  | Civil Action File Number<br>PC-2016-2284 |
|---|---|
| **Plaintiff**<br>Bacon Construction Co., Inc.<br>v.<br>**Defendant**<br>Northern Insurance Company Of New York | Attorney for the Plaintiff or the Plaintiff<br>Girard R. Visconti |
|  | Address of the Plaintiff's Attorney or the Plaintiff<br>1080 MAIN STREET<br>PAWTUCKET RI 02860 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | Address of the Defendant<br>1400 American Lane<br>Schaumberg IL 60196 |

TO THE DEFENDANT, Maryland Casualty Company:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 5/19/2016. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Bacon Construction Co., Inc.<br>v.<br>Defendant<br>Northern Insurance Company Of New York | Civil Action File Number<br>PC-2016-2284 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Maryland Casualty Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: ___/___/___   SERVICE FEE $ _____
           Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

   On this _____ day of _____ 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

A3M / ALL
Transmittal Number: 15227926
Date Processed: 06/06/2016

| | |
|---|---|
| Primary Contact: | Arnold D'Angelo<br>Zurich North America<br>1400 American Lane<br>Tower One<br>Schaumburg, IL 60196-1056 |
| Entity: | Northern Insurance Company of New York<br>Entity ID Number 2746724 |
| Entity Served: | Northern Insurance Company of New York |
| Title of Action: | Bacon Construction Co., Inc. vs. Northern Insurance Company of New York |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Providence County Superior Court, Rhode Island |
| Case/Reference No: | PC2016-2284 |
| Jurisdiction Served: | Rhode Island |
| Date Served on CSC: | 06/03/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | RI Department of Business Regulation on 06/01/2016 |
| How Served: | Certified Mail |
| Sender Information: | Girard R. Visconti<br>401-272-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**State of Rhode Island and Providence Plantations**
**DEPARTMENT OF BUSINESS REGULATION**
1511 Pontiac Avenue, Bldg. 69-2
Cranston, Rhode Island  02920

**Insurance Division**

June 1, 2016

Northern Insurance Company of New York
C/o Corporation Service
222 Jefferson Blvd, Ste 200
Warwick, R.I.  02888

Dear Sir/Madam:

Enclosed is a copy of a summons served upon me in the case of:

**Bacon Construction Co; Inc.**

    **Vs**

**Northern Insurance Company of New York**

Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

*[signature]*

Associate Director/Superintendent of Insurance

JC
Enclosures

CERTIFIED MAIL



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

SOP / ALL
Transmittal Number: 15225567
Date Processed: 06/03/2016

| | |
|---|---|
| Primary Contact: | Arnold D'Angelo<br>Zurich North America<br>1400 American Lane<br>Tower One<br>Schaumburg, IL 60196-1056 |
| Entity: | Maryland Casualty Company<br>Entity ID Number 2746718 |
| Entity Served: | Maryland Casualty Company |
| Title of Action: | Bacon Construction Co., Inc. vs. Northern Insurance Company Of New York |
| Document(s) Type: | Summons and Notice |
| Nature of Action: | Contract |
| Court/Agency: | Providence County Superior Court, Rhode Island |
| Case/Reference No: | PC2016-2284 |
| Jurisdiction Served: | Rhode Island |
| Date Served on CSC: | 06/03/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | RI-Department of Insurance Division on 06/01/2016 |
| How Served: | Certified Mail |
| Sender Information: | Girard R. Visconti<br>401-272-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**State of Rhode Island and Providence Plantations
DEPARTMENT OF BUSINESS REGULATION
1511 Pontiac Avenue, Bldg. 69-2
Cranston, Rhode Island 02920**

**Insurance Division**

June 1, 2016

Maryland Casualty Company
C/o Corporation Service
222 Jefferson Blvd, Ste 200
Warwick, R.I. 02888

Dear Sir/Madam:

Enclosed is a copy of a summons served upon me in the case of:

**Bacon Construction Co; Inc.**

   **Vs**

**Northern Insurance Company of New York**

Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

*[signature]*

Associate Director/Superintendent of Insurance

JC
Enclosures

CERTIFIED MAIL

Tel: 401-462-9520    Fax: 401-462-960    TDD: 711    Web Site: www.dbr.ri.gov